

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-33,906-02 & WR-33,906-04

### EX PARTE VALENTINE RODRIGUEZ, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. CR34036-A & CR34036-C IN THE 238TH DISTRICT COURT
### FROM MIDLAND COUNTY

*Per curiam*.

**O R D E R**

Applicant was convicted of two counts of indecency with a child and sentenced to seventy-five years' imprisonment in one count and ninety-nine years' imprisonment in the other. The Eleventh Court of Appeals affirmed his conviction. *Rodriguez v. State*, No. 11-09-00363-CR (Tex. App.—East land Dec. 29, 2011)(not designated for publication). Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

On January 16, 2013, this Court denied application number WR-33,906-02 based on the findings of the trial court without a hearing. On January 21, 2022, this Court received a second application in the same trial court cause number alleging that there was prosecutorial misconduct in

the review of his initial habeas application in Midland County. It has been determined that former assistant district attorney Ralph Petty was paid by the district judges to work on Applicant's -02 application at the same time as he was employed as an appellate prosecutor by the Midland County District Attorney's office. That dual employment was not disclosed to this Court or Applicant at the time his -02 application was under consideration.

While it does not appear that Petty's dual employment affected the pre-trial, trial, or appellate proceedings in Applicant's case, the undisclosed employment relationship between the District Judge who presided over the initial habeas proceedings in this case and the prosecutor who simultaneously represented the State in the same proceeding leads us to conclude that Applicant was deprived of his due process rights to fair consideration of his claims in the first habeas application. Therefore, this Court now reconsiders on its own motion the denial without written order on the findings of the trial court of application number WR-33,906-02.

However, after an independent review of the records in these cases without consideration of the trial court's findings of fact and conclusions of law, this Court believes that Applicant's claims are refuted by those records. Therefore, after reconsideration on the Court's own motion, relief is again denied in cause number WR-33,906-02.

Applicant's second application, cause number WR-33,906-04 is dismissed as moot.

Filed: February 9, 2022
Do not publish